Meyers v. State, 167 Wis. 278.

---

MEYERS, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 8—April 3, 1918.*

*Infants: Enticement: Statute construed: "Committed."*

Sec. 4587b, Stats., providing for punishment of "any person who shall entice or seek to entice any child away from the person or place to which it has been committed for safe-keeping pursuant to law, or who shall interfere with the care, custody, control, personal liberty or education of any such child," does not refer to children living at home with their parents, the word "committed" meaning a legal commitment.

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BACKUS, Judge. *Reversed.*

The plaintiff in error was tried, convicted, and sentenced (under sec. 4587*b*; Stats.) for enticing and interfering with the custody and personal liberty of a girl fourteen years of age, and brings error to reverse the judgment.

Sec. 4587*b* reads as follows:

"Any person who shall entice or seek to entice any child away from the person or place to which it has been committed for safe-keeping pursuant to law, or who shall interfere in any manner with the care, custody, control, personal liberty or education of any such child, except pursuant to law, shall be punished by fine not exceeding one hundred dollars or by imprisonment in the county jail not more than six months."

The evidence shows that the plaintiff in error, meeting the girl in the street, offered her twenty-five cents to go into the alley with him for immoral purposes, but that she refused to go. The girl lived with her parents and had never been committed for safe-keeping to any person or place.

*Peter R. Feldman* of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, Winfred C. Zabel,* district attorney of Milwaukee county, and *F. F. Groelle,* assistant district attorney, and oral argument by *Arthur H. Bartelt,* assistant district attorney.

WINSLOW, C. J. It is evident that the conviction cannot be sustained. The statute quoted plainly does not refer to children living at home with their parents, but is for the protection of delinquent or neglected children who have been committed by a magistrate or court to the care of some institution or person to promote their welfare.

The word "committed" unquestionably means a legal commitment. This seems plain from a mere reading of the section, but it is rendered certain by reference to its history.

It is in substance sec. 3 of ch. 353, Laws 1887 (as amended by ch. 200, Laws 1889), which chapter provided by sec. 1 that children whose physical or moral welfare was endangered by the neglect or viciousness of their parents or guardians might be taken from their custody and provided with a home by the county or municipal judge, and by secs. 2 and 3 that the parents or guardian of such a child should not interfere with its custody, and that any person seeking to entice such a child away from such home or interfering in any manner with its care or custody should be guilty of an offense.

When the revision of 1898 took place the revisers combined the first two sections of the law and placed them in their natural place, at the end of ch. 175, treating of proceedings in county courts, numbering the new section 4052*b,* and placed the third section in its natural place in ch. 186, relating to offenses against chastity, morality, etc., numbering it 4587*b.* At the foot of the last-named section appears this significant note: "Part of ch. 353, 1887, and ch. 200, 1889; the remainder is in sec. 4052*b.*" This precludes the idea that there was any intention of making any such radical change in the scope of the statute as would be necessary to make in order to sustain this conviction. Perhaps there should be statutes covering the present case, but that is a question for the legislature, not the courts.

*By the Court.*—Judgment reversed, and action remanded with directions to discharge the plaintiff in error from custody.